Jones, J.
A relief properly is not a service; but a casual entry, by reason of the service due only on the death of the tenant by the heir: *because it is not due by a successor on the death of the predecessor, without special custom, and relief is incident thereto. But this is something else, which is called, though it be not, a relief, and it is due by reservation or custom, and may be on succession, alienation, greater or smaller, according as the custom or reservation make it; and not absolutely proportionable to the annual rent, as a proper relief is. Mantel and Redsal’s case. Plowd. 91. When relief is by custom upon alienation, no distress shall be intended, unless it be alledged as for a heriot custom or for a court leet 11 rep. between which and this sort of relief, no distinction can be made. For a man cannot have a distress by relief for custom, if he has not it by custom. Then the action fails. For a duty without a remedy is no duty; as a remediless right is no right.
It seems to me this ought to be intended a relief by tenure, as my brother Whitlock has said: and the words secundum consuetud. manerii refer to the other tenants who pay by custom. But if it is not shewn here, we cannot take it by the averment, that he made it appear to his brethren, for he ought to make it appear to us. As to the exception that he does not shew the rolls, perhaps it would be attended with infinite difficulty; and in such cases the law dispenses with precise certainty. As in the case of a bond from the sheriff to the under sheriff, to discharge him of all estreats, &c. he shall not shew all the estreats, &c. on account of their great number. The consideration to forbear the suit is good, as if he had a rent seck without seisin.
Doderidge, J.
The question is, whether it shall be taken to be by tenure or by custom? It seems to me by custom and not by tenure. Yet on the other parts of the declaration the plaintiff ought to have judgment. The plaintiff first alledges a custom in the manor quod quidlibet tenens, &c. and then Smith holds of this manor per fidelitatem sect. cur. *132 et reddit 5s. this is an uncertainty of service, and when he says farther et relevium cum acciderit secundum consuetud. manerii, this refers to the custom before alledged. Relevium as Bracton defines it est quædam præsatio ab hæredibus; it is not due by the successor facta super mortem antecessoris. It is not due by alienation and the lord de communi jure may distrain, and his executor shall have debt. For relief by custom distress is not necessary to be alledged, the books are express on this point. *8 H. 2. title Relief. 13 E. 3. 13. 5 E. 4. 72. 22 Ass. 3. 20 E. 3. T. Avowry 124. Bracton tenure 77. In these books no distress are alledged. Yet there is a relief by custom, as by succession, &c. But here it is not a relief, but a fine for alienation; it has only the name of relief. But a relief by custom shall be intended with the same incidents as a relief by tenure. And the question now is, whether the fine be by tenure or by custom? and, as I have already said, it is by custom. Yet the plaintiff shall recover in an action on the case, in which the right does not come in question. The consideration is not to forbear the distress, but only to forbear suing him per debitum legis cursum; therefore when he avers that he made it appear to his brethren that it was due, in an action on the case, in which the right does not come in question, we shall take it that it is due, and the plaintiff shall have judgment.
Crew, C. J.
If there is no means to come at the relief, then it is not due, then there is no consideration, and the action fails. But here a distress shall be intended. Avowry 124. 3 H. 4. 7. 8 R. 2. title Relief. This case differs from that of a heriot custom, for there the property vests in the lord presently, and if any stranger takes it before him he shall have trespass, as a parson shall have for tithes set out, if a stranger takes them. The case of the court 10 Rep. 14 H. 4. e contra. But here the custom and the tenure are jumbled up together; and in this case distress shall be understood for both.
Judgment for the plaintiff. Antea, p. 37 and 94. Jones 132. Bendl. 180. 3 Bulstr. 323. Roll. 370.